IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-00168-RPM

JEFFREY CLARK and
SHANNON LEE SMITH-CLARK,

    Plaintiffs,

v.

COUNTRY FINANCIAL d/b/a COUNTRY MUTUAL
INSURANCE COMPANY,

    Defendant.
_____

ORDER GRANTING SUMMARY JUDGMENT
_____

The plaintiffs' residence was damaged by a hail storm on June 6, 2012. They notified defendant Country Financial d/b/a Country Mutual Insurance Company of that event on June 7, 2012, and after an inspection it sent a letter on June 26, 2012, confirming coverage under the homeowner's policy issued to the plaintiffs and issued a check for $14,404.57. Additional claims and payments were made up to May 27, 2013, when Country Mutual sent a letter to the Clarks saying, "Your claim referenced above has been brought to a conclusion."

On November 25, 2013, Country Mutual received a new claim sent by Mike Lindhurst, a public adjuster retained by the Clarks in October, 2012, attaching estimates of additional repair costs totaling $179,361.22. Country Mutual refused payment relying on an express condition in the insurance policy requiring that all claims under the policy must be brought within one year of the date of the occurrence.

The homeowners, Jeffrey Clark and Shannon Lee Smith-Clark brought this action against Country Financial, claiming breach of contract, bad faith breach of contract and unreasonable denial of benefits pursuant to C.R.S. § § 10-3-1115 and 10-3-1116.

After discovery, the defendant filed a motion for summary judgment on January 9, 2015, (Doc. 32].

The plaintiffs substituted counsel on January 27, 2015.  (Doc. 33].  On February 18, 2015, plaintiffs' new counsel filed a response to the motion for summary judgment. [Doc. 36].  There is no dispute about the relevant facts.

The plaintiffs argue that denial of payment based on the untimely submission of the claim is contrary to public policy unless the insurer can show prejudice, relying on the Colorado Supreme Court's decision in *Friedland v. Traveler's Insurance*, 105 P.3d 639 (Colo. 2005).

After the briefing of the defendant's motion this Court became aware of he decision of the Colorado Supreme Court in *Craft v. Philadelphia Indemnity Insurance Company,* 343 P.3d 951 (Colo. 2015) in response to a certification of question of law from the Tenth Circuit Court of Appeals regarding applicability of the *Friedland* "notice-prejudice rule" to "claims made" insurance policies.  An order to show cause issued to plaintiffs' counsel May 26, 2015, asking why that decision did not control this case.

The plaintiffs' response, filed on June 9, 2015, attempted to distinguish this case on the ground that this homeowners policy is an "occurrence based policy of insurance." It is true that the policies are different but the common element is a date-certain notice requirement and the Colorado Supreme Court said:

> We hold that the notice-prejudice rule does not apply to a date-certain notice requirement in a claims-made insurance policy. In a claims-made policy, the date-certain notice requirement defines the scope of coverage. Thus, to excuse late notice in violation of such a requirement would rewrite a fundamental term of the insurance contract. Our opinion in *Friedland* did not address claims-made policies, and the public policy reasons we identified for extending the notice-prejudice rule to the liability policy in that case do not persuade us that the rule should also apply in this context. Accordingly, we reframe the certified questions as a single question: whether the notice-prejudice rule applies to the date-certain notice requirement of claims-made policies. We answer that question in the negative.

*Id.* at 952.

Because the defendant is not required to show prejudice to enforce the time limit in its policy, the motion for summary judgment is granted. Because there is no coverage for this late claim under the policy the others claims are also dismissed.

Upon the foregoing, it is

ORDERED that the defendant's motion for summary judgment is granted. The Clerk shall enter judgment for the defendant dismissing all of the plaintiffs' claims and this civil action with an award of costs.

DATED:   June 10th, 2015

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge